**HARWOOD LAW PLLC**
260 Madison Avenue, 8th Floor
New York, New York 10016
Tel.:  212-867-6820
Fax: 212-937-3167
Email:  tony.harwood@aharwoodlaw.com

January 23, 2023

<u>VIA ECF</u>

Honorable Jennifer L. Rochon
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, New York 10017

      Re:    Gabay v. Roadway Movers, Inc., et al., 1:22-cv-06901

Dear Judge Rochon:

      I represent plaintiff Shalom Gabay.  I respectfully request that the Court disregard defendants' arguments on the transportation worker exception to the Federal Arbitration Act, which defendants improperly raised for the first time in their reply brief in support of their motion to compel arbitration (ECF Doc. No. 24).  The parties' joint status letter to the Court shows that defense counsel knew the transportation worker exception was central to its motion to compel arbitration.  (ECF Doc. No. 12, ¶¶ 2(a) and (b).)  Nonetheless, defendants failed to address that exception in their moving submissions.  Their attempt to raise it for the first time in reply is improper.  *See Knipe v. Skinner,* 999 F.2d 708, 711 (2d Cir. 1993).

      Alternatively, I respectfully request permission to respond to those new arguments in a sur-reply.  I also seek permission to submit a sur-reply to correct defendants' false claim that the arbitration agreement between Mr. Gabay and his employer is not within a contract of employment.  (ECF Doc. No. 24 p. 4.)  Based on that misrepresentation, defendants incorrectly assert that the transportation worker exception does not apply.  *Id.* at 2-4.  In fact, Mr. Gabay's employment agreement, annexed as Exhibit 2 to his declaration in opposition to the motion to compel arbitration, contains an arbitration agreement.  (ECF Doc. No. 21-3, ¶ 14.)  That employment expressly supersedes all prior agreements, including the previously executed Dispute Resolution Agreement on which defendants rely, stating that the employment agreement is the "entire agreement with the Company, superseding any previous . . . agreements with the Company or any officer or representative thereof."  *Id*. ¶ 17.

                          Respectfully yours,

                          s/ANTHONY J. HARWOOD
                          Anthony J. Harwood