UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHALOM GABAY,<br><br>                                 Plaintiff,<br><br>         -against-<br><br>ROADWAY MOVERS, INC. and ROSS SAPIR,<br><br>                                 Defendants. | Case No. 1:22-cv-06901 (JLR)<br><br>**MEMORANDUM OPINION AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

Plaintiff Shalom Gabay ("Plaintiff") filed this action on August 12, 2022 against his former employer, Defendant Roadway Movers, Inc. ("Roadway"), and Roadway's President, Ross Sapir ("Sapir" and, together with Roadway, "Defendants"), alleging that they violated his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112, *et seq.*, the Family Medical Leave Act of 1992 ("FMLA"), 29 U.S.C. § 2601, *et seq.*, and various state laws. *See generally* ECF No. 1 ("Compl."). On April 28, 2023, the Court issued an Opinion and Order denying Defendants' motion to compel arbitration on the grounds that Plaintiff falls within a limited exception to the FAA. *See* ECF No. 40 ("Opinion"). Defendants have appealed that decision, and now seek a stay of discovery pending that interlocutory appeal. *See* ECF No. 42 ("Mot."). Plaintiff opposes the stay. *See* ECF No. 44 ("Opp."). For the reasons set forth below, Defendants' motion to stay discovery pending appeal is GRANTED.

The "determination [of] whether to enter a stay pending an interlocutory appeal is within the discretion of the district court." *Ferring B.V. v. Allergan, Inc.*, 343 F. Supp. 3d 284, 291 (S.D.N.Y. 2018) (internal citation and quotation marks omitted); *Meyer v. Kalanick*, 203 F. Supp. 3d 393, 395 (S.D.N.Y. 2016) (granting stay pending appeal of denial of motion to compel

arbitration and noting such denial involves "an exercise of judicial discretion" (citation omitted)). When considering whether to stay a case during the pendency of an interlocutory appeal, courts consider:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007) (internal citation and quotation marks omitted); *see also Nken v. Holder*, 556 U.S. 418, 434 (2009). The stay factors are a "sliding scale" in which "[t]he necessary 'level' or 'degree' of possibility of success will vary according to the court's assessment of the other stay factors." *Thapa v. Gonzales*, 460 F.3d 323, 334 (2d Cir. 2006) (citation omitted). In other words, "more of one [factor] excuses less of the other." *Id.* (citation and quotation marks omitted); *see Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002) (stating that the moving party's burden of showing the probability of success is reduced when it has shown it will face irreparable injury without a stay). "In deciding whether to grant the stay, moreover, the first and second factors are the 'most critical.'" *Meyer*, 203 F. Supp. 3d at 395 (quoting *Nken*, 556 U.S. at 434).

As to the first factor, a party must show the "chance of success on the merits [to] be better than negligible." *Nken*, 556 U.S. at 434 (citation and quotation marks omitted). To be sure, "a district court that issued an order that is being challenged on appeal may be predisposed to be unimpressed by the challenges to that ruling." *Meyer*, 203 F. Supp. 3d at 395; *see also Sanchez v. Clipper Realty, Inc.*, No. 21-cv-8502 (KPF), 2022 WL 17091007, at *1 (S.D.N.Y. Nov. 21, 2022). Defendants argue that because the Supreme Court in *Southwest Airlines Co. v. Saxon*, 142 S. Ct. 1783 (2022) left open the question as to whether an airline ramp supervisor

who did not frequently load and unload cargo – that is, who did not physically partake in the movement of goods – would qualify for the exemption in § 1, a stay is warranted.  *See* Mot. at 2 (citing Opinion at 8-9); *see also Saxon*, 142 S. Ct. at 1789 n.1.  Plaintiff argues that simply because the question was left open by the Supreme Court, it does not follow that Defendants have made a "strong showing" of success on appeal.  Opp. at 1-2.  The Court, though admittedly predisposed to agree with its prior ruling, agrees that Defendants have not made a "strong showing" of success on appeal.  Indeed, the Supreme Court in *Saxon* rejected the narrow view of the FAA § 1 exemption propounded by Defendants, which would limit transportation workers to only those who "physically move goods or people across foreign or international boundaries – pilots, ship crews, locomotive engineers, and the like . . . ." *Saxon*, 142 S. Ct. at 1791.  Nevertheless, while the Court is of the view that its Opinion denying the motion to compel arbitration is correct, there is no current binding authority in the Second Circuit on the question precisely raised in this case.  Therefore, the appeal is at least "non-frivolous" and "[a]t best . . . raises issues that are potentially substantial but hardly promising."  *Sutherland v. Ernst & Young LLP*, 856 F. Supp. 2d 638, 642 (S.D.N.Y. 2012).

This "comparatively weak showing on the merits," however, "is counterbalanced by a strong showing that [Defendants] will be harmed irreparably if this action proceeds in federal court."  *Sanchez*, 2022 WL 17091007, at *2.  Courts in this District have generally concluded that, when a party seeks a stay of an order denying a motion to compel arbitration under the FAA, that party makes "a strong showing of irreparable harm" because "[b]y authorizing an interlocutory appeal from a denial of arbitration, that provision evidences a congressional determination that a wrongful denial of the right to have the case sent promptly to arbitration is a harm that cannot be adequately remedied by an appeal at the end of the case."  *Meyer*, 203 F.

3

Supp. 3d at 396; *see Sanchez*, 2022 WL 17091007, at *2; *Zachman v. Hudson Valley Fed. Credit Union*, No. 20-cv-1579 (VB), 2021 WL 1873235, at *2 (S.D.N.Y. May 10, 2021); *see also Starke v. SquareTrade, Inc.*, No. 16-cv-7036 (NGG) (SJB), 2017 WL 11504834, at *2 (E.D.N.Y. Dec. 15, 2017).

Defendants argue that, absent a stay of the litigation pending appeal, there is a risk they will be irreparably harmed by being deprived of their bargained-for right to arbitration. Mot. at 2-3. While again the Court is not convinced that Defendants' appeal has merit, in light of the weight of authority staying discovery pending appeals of orders denying arbitration, the Court concludes this factor strongly weighs in favor of granting the stay.

Plaintiff contends that Defendants will not be irreparably harmed because discovery will need to occur in either forum. *See* Opp. at 3. While discovery may take place in both forums, the scope of discovery and other procedures may be different if the parties are required to go to arbitration after the Second Circuit hears the appeal. While not clear from the record here, oftentimes "the rules and procedures in arbitration are intended to be radically different from the rules and procedures in the courts." *Application of Technostroyexport*, 853 F. Supp. 695, 697 (S.D.N.Y. 1994).

Plaintiff points to a few cases where courts have concluded that a stay is not warranted pending appeal from an order denying arbitration. *See* Opp. at 3 (citing, amongst others, *McDonald's Corp. v. Vanderbilt Atl. Holdings LLC*, No. 19-cv-06471 (DLI) (ST), 2021 WL 1784315, at *6 (E.D.N.Y. May 5, 2021)). But the cases cited by Plaintiff are in large part unlike the present action because, in those cases, the likelihood of success on appeal was negligible or the defendants had delayed in seeking arbitration. *See McDonald's Corp.*, 2021 WL 1784315, at *6 (denying motion to stay where discovery in "relatively straightforward and simple case");

4

*Doe v. Trump Corp.*, No. 18-cv-9936 (LGS), 2020 WL 2538400, at *4 (S.D.N.Y. May 18, 2020) (denying motion to stay pending appeal where the defendants had defended the case "for over eight months before raising the prospect of litigation"); *Microsoft Corp. v. Samsung Elecs. Co.*, No. 14-CV-6039 (JSR), 2014 WL 12774770, at *1 (S.D.N.Y. Nov. 25, 2014) (denying motion to stay in part because Second Circuit had clearly decided the issue already). And to the extent some courts have simply disagreed with the conclusion that Congress has effectively made a determination with regard to irreparable harm by permitting an interlocutory appeal of orders related to arbitration, *see, e.g.*, *Lucy v. Bay Area Credit Serv LLC*, No. 3:10-cv-1024 (JCH), 2011 WL 13344167, at *2 (D. Conn. July 28, 2011), the Court disagrees with that analysis.

      The third and fourth factors are less critical than the first and second. *See Meyer*, 203 F. Supp. 3d at 395. Both, however, weigh in favor of Defendants. The third factor – whether issuance of the stay will substantially injure Plaintiff – "depends on how long it takes the Court of Appeals to render a decision on defendants' interlocutory appeal, which no one can predict." *Id.* at 396. Defendants argue that Congress has already determined that the irreparable harm to Defendants outweighs any harm to Plaintiff from a delay in the proceedings while the appeal is pending, *see* Mot. at 3 (citing *Meyer*, 203 F. Supp. 3d at 396), and that any harm to Plaintiff can be alleviated by prejudgment interest, *see id.* (citing *Sutherland*, 856 F. Supp. 2d at 643). Plaintiff argues that he needs money immediately in order to support his family. Opp. at 3. While the Court is sympathetic to Plaintiff's current circumstances, the Court ultimately agrees that the financial harm to Plaintiff can be remedied through interest as litigation proceeds.

      Finally, the public interest weighs in favor of granting a stay because "[c]onsiderations of judicial economy counsel against investing court resources in proceedings that may prove to be unnecessary," and "[b]ecause resolution of the arbitration issue could be dispositive of this

5

federal action, there is a risk that further proceedings will be 'unproductive and incompatible with judicial economy.'" *Sanchez*, 2022 WL 17091007, at *2 (quoting *Payne v. Jumeirah Hosp. & Leisure (USA) Inc.*, 808 F. Supp. 2d 604, 604 (S.D.N.Y. 2011)).

Accordingly, on balance, the factors weigh in favor of granting the stay. While Defendants have shown at most a non-frivolous grounds for appeal, the significant irreparable harm they will face should they be entitled to arbitrate their claims counsels in favor of granting the stay. Therefore, Defendants' motion is GRANTED. The action is stayed pending resolution of Defendants' interlocutory appeal.

The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 42.

Dated: May 19, 2023
New York, New York

SO ORDERED.

JENNIFER L. ROCHON
United States District Judge

6